D. Ormonde Ritchie, J.
This was the trial of an action in which plaintiffs seek judgment establishing an easement in their favor over adjoining property, the purpose of the easement being to permit plaintiffs to enforce an alleged riparian right.
The riparian right claimed by plaintiff is access to navigable waters immediately adjacent to and forming the northerly boundary of property owned by the defendant Uhlendorf and operated by the defendant Glen Cove Yacht Service & Repair, Inc.
The corporate defendant leased the property from the defendant Uhlendorf. The navigable waters to which plaintiffs claim access are known as Glen Cove Creek (new alignment). The evidence established, and the court finds as facts, that Glen Cove Creek (new alignment) as presently existing, is a waterway created by dredging operations conducted in 1932. Prior to 1932, the navigable portion of Glen Cove Creek in its original course, bounded defendants’ property on the north and west sides thereof and plaintiffs’ property on the west side thereof. It ran in a southerly direction along the west side of plaintiffs’ property and then coursed westerly into the waters of Hemp-stead Harbor. The dredging operations conducted to create the new Glen Cove Creek were an extension of the easterly part of the old creek. The new creek courses southwesterly along the northerly boundary of defendants’ property and was extended westerly until it entered the waters of Hempstead Harbor.
As presently aligned, no part of the navigable portion of Glen Cove Creek (new alignment) borders on plaintiffs’ property. The evidence further established, through testimony and old surveys introduced in evidence, that the predecessor in interest of the plaintiffs owned upland and part of the foreshore bordering on the old creek as it courses westerly along the northerly *483 boundary of defendants’ property. The predecessors in interest of the defendant Uhlendorf were the owners of a part of the foreshore bordering upon the old creek and northerly adjacent to the foreshore formerly bordering the former northerly boundary of the upland owned by plaintiffs. The plaintiffs purchased the land now owned by them from one Conklin. Conklin bought from Ludlam, the father-in-law of the present owner Uhlendorf. Ludlam was the owner not only of the foreshore which is presently lot No. 58, but also the owner of the property presently owned by plaintiffs. The deeds to Conklin from Ludlam and to plaintiffs from Conklin included express grants of riparian rights. Between 1947 and 1954, the defendants filled in the foreshore owned by the defendant Uhlendorf creating lot No. 58 as it presently exists. The northerly boundary of lot No. 58 is presently the southerly bank of Glen Cove Creek (new alignment). Subsequent to the filling operations, a marina was constructed on lot No. 58 by the corporate defendant. Lot No. 23, owned by plaintiffs, was created out of upland and by filling in the foreshore formerly bordering plaintiffs’ property on the north. No part of lot No. 23 as presently existing, borders on Glen Cove Creek (new ■ alignment).
“ Foreshore ” is defined as that land along a shore lying between medium high and low watermarks. ‘ ‘ Riparian rights ’ ’ are defined as those rights that include, inter alia, a right of access to the navigable part of the river, in this instance a navigable stream, Glen Cove Creek, lying in front of the foreshore.
That a part of the foreshore is owned by another and filled in by him so as to transform the foreshore into upland does not deprive the owner of adjacent foreshore from asserting riparian rights (Town of Brookhaven v. Smith, 188 N. Y. 74; City of New York v. Wilson & Co., 278 N. Y. 86; Gucker v. Town of Huntington, 268 N. Y. 43).
The plaintiffs herein have established by a preponderance of the credible evidence their right to access to the navigable part of Glen Cove Creek (new alignment). That right of access must not, however, unreasonably interfere with the right of user and present operation of the property owned by the defendant Uhlendorf and his lessees. Accordingly the plaintiffs are adjudged to have an easement over that portion of lot No. 58 lying immediately to the north of lot No. 23 not to extend easterly of a line projected at right angles from the bank of Glen Cove Creek to a point where it intersects the northeasterly corner of lot No. 23.
Judgment in accordance herewith is to be submitted upon 10 days’ notice of settlement. No costs are allowed.